DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZANE FLEMING,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0623

[April 23, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502022CF006192AXXX.

Daniel Eisinger, Public Defender, and Virginia J. Murphy, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his conviction and sentence to the misdemeanor charge of carrying a concealed weapon, having reserved his right to appeal the denial of his dispositive motion to dismiss the state's original felony charge of possession of a firearm by a convicted felon, in violation of section 790.23(1), Florida Statutes (2022).

The defendant primarily argues the circuit court erred in denying his dispositive motion to dismiss because section 790.23(1) is allegedly unconstitutional under the Second Amendment, both facially and as applied to him, having been convicted of six prior nonviolent felonies, the most recent of which had occurred thirteen years earlier.

Binding precedent from the United States Supreme Court requires us to conclude both arguments lack merit. *See District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]"); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We

made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons[.]") (citation and internal quotation marks omitted); *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 81 (2022) (quoting *Heller* and *McDonald*) (Kavanaugh, J., concurring); *United States v. Rahimi*, 602 U.S. 680, 682 (2024) ("[*Heller*] stated that many such prohibitions, like those on the possession of firearms by felons … are presumptively lawful.") (citation and internal quotation marks omitted).  *See also Edenfield v. State*, 375 So. 3d 930, 932 (Fla. 1st DCA 2023) ("[T]he majority of cases post[-]*Bruen* that have applied its historical traditions test have upheld the prohibition on felons possessing firearms.") (citations omitted), *rev. denied*, No. SC2023-1106, 2023 WL 8710101 (Fla. Dec. 18, 2023).  *Cf. United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("[T]here is no need for felony-by-felony litigation regarding the constitutionality of [18 U.S.C.] § 922(g)(1)."); *United States v. Hunt*, 123 F.4th 697, 708 (4th Cir. 2024) (concluding, like the Eighth Circuit, that 18 U.S.C. § 922(g)(1) is constitutional as applied to all convicted felons, and no need exists for felony-by-felony litigation).  *But see Range v. Attorney General*, 124 F.4th 218, 232 (3d Cir. 2024) ("The record contains no evidence that Range poses a physical danger to others.  Because the Government has not shown that our Republic has a longstanding history and tradition of depriving people like Range of their firearms, [18 U.S.C.] § 922(g)(1) cannot constitutionally strip him of his Second Amendment rights.").

On the defendant's remaining argument—that the circuit court fundamentally erred by denying his motion to dismiss because the state allegedly failed to carry its burden under *Bruen* to "affirmatively prove that [the subject] firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms"—we affirm without further discussion.

*Affirmed.*

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2